# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| FRANK D. MONSEGUE, SR., <br><br> Plaintiff, <br><br> v. <br><br> JUDGE WILLIAM T. MOORE, JR; MAGISTRATE JUDGE MARILYN D. GO; MAGISTRATE JUDGE G.R. SMITH; HIRAL D. MEHTA; THOMAS JACK; DAVENIYA E. FISHER; MURDOCH WALKER, II; ANDRES HERNANDEZ; DANIEL R. CRUMBY; BRIAN T. RAFFERTY; T. SHANE MAYES; UNITED STATES ATTORNEY EDWARD J. TARVER; JAMES D. DURHAM; THEODORE S. HERTZBERG; KINDRA BAER; SUNTRUST BANK; BANK OF AMERICA; and E-TRADE (BANK), <br><br> Defendants. | CIVIL ACTION NO.: 4:18-cv-239 |

## O R D E R

After a careful de novo review of the entire record, the Court concurs with the Magistrate Judge's February 6, 2019 Report and Recommendation, (doc. 10), to which Plaintiff filed Objections, (doc. 12). For the reasons set forth below, the Court **OVERRULES** Plaintiff's Objections and **ADOPTS** the Report and Recommendation as the opinion of the Court. Consequently, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint, **DENIES** as moot all of Plaintiff's pending motions, and **DIRECTS** the Clerk of Court to **CLOSE** this case.

The Magistrate Judge recommended dismissal because Monsegue has sued defendants either immune to suit or not state actors subject to 42 U.S.C. § 1983 liability, and because his claims are either time-barred[1] or undermine the validity of his conviction, meaning that any claim for damages is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). (Doc. 10.) In his objections, as in his Complaint, Monsegue seeks to relitigate the disappointing outcome of his criminal case. (Doc. 12 at 1-5; *see generally United States v. Monsegue*, CR414-019.) But he does not demonstrate any error in the Magistrate Judge's findings or recommendation.

Monsegue argues that the applicable statute of limitations should be tolled by his incarceration and pending appeal for *certiorari* to the Supreme Court on the denial of his habeas motion (doc. 12 at 5-7; *see Monsegue v. United States*, No. 18-7859 (U.S.)), but neither tolls the two year statute of limitations on § 1983 claims for excessive force, denial of medical care, false arrest, or unlawful search and seizure in violation of the Fourth Amendment. *See* O.C.G.A. § 9-3-90(c)[2] (providing circumstances which can toll the two-year statute of limitations, from which incarcerated prisoners are explicitly excluded and pending, unrelated appeals are obviously unmentioned); *Seibert v. Comm'r Ga. Dep't of Corr.*, 680 F. App'x 837 (11th Cir. 2017) ("because [plaintiff] is a prisoner, Georgia's tolling provisions do not apply to him"); *Giles v. Garwood*, 853 F.2d 876, 877-78 (11th Cir. 1988) (same). He does not mention any event warranting equitable

---

[1] The statute of limitations is usually a matter which may be raised as an affirmative defense. In an action proceeding under § 1983, however, the Court may consider, *sua sponte*, affirmative defenses that are apparent from the face of the Complaint. *Clark v. Georgia Pardons and Parole Board*, 915 F.2d 636, 640 n. 2 (11th Cir. 1990); *see also Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990). "[I]f the district court sees that an affirmative defense would defeat the action, a section 1915[(e)(2)(B)(i)] dismissal is allowed." *Clark*, 915 F.2d at 640.

[2] Despite Plaintiff's wishes to the contrary (*see* doc. 12 at 6-7), "the proper limitations period for all section 1983 claims in Georgia is the two-year period set forth in O.C.G.A. § 9-3-33 for personal injuries." *Williams v. City of Atlanta*, 794 F.2d 624, 626 (11th Cir. 1986); *Wallace v. Kato*, 549 U.S. 384 (2007) (the statute of limitations in a § 1983 suit is that provided by the state for personal injury torts). When applying state limitations periods to § 1983 claims, the Court also applies any relevant state tolling provisions. *Wilson v. Garcia*, 471 U.S. 261, 269 (1985).

tolling. (*See* doc. 12.) And the mere existence of an appeal does not demonstrate a favorable termination supporting a claim for malicious prosecution. *See Uboh v. Reno*, 141 F.3d 1000, 1005 (11th Cir. 1998) (statute of limitations begins to run at the "favorable termination" of charges; "courts have found favorable termination to exist by virtue of an acquittal, an order of dismissal reflecting an affirmative decision not to prosecute, a dismissal based on the running of the statute of limitations, an entry of a nolle prosequi, and, in some cases, a granted writ of habeas corpus." None of these circumstances exist here). Because Monsegue has not obtained a favorable termination, his claims of malicious prosecution have not arisen and are barred by *Heck*.

Monsegue also argues that the various immune defendants should not be immune from suit because, at bottom, such immunity prejudices the vindication of his rights and he is a veteran who sacrificed much for this country, and thus entitled to such relief. (*See* doc. 12 at 7.) Neither dissatisfaction nor military service, however, undermine well-established law on judicial and prosecutorial immunity. (Doc. 10 at 8-9.) And the fact that court-appointed counsel were appointed by the court (doc. 12 at 8) does not make them state actors, regardless of whether a state claim for malpractice may lie. (*See* doc. 10 at 10-11.) Nor does "underwriting" by the "FDIC" or timely responses to federal subpoenas (doc. 12 at 8-10) make private banks state actors. (Doc. 10 at 11-12.) Monsegue's Objections, in other words, are meritless. His Complaint must be dismissed.

**SO ORDERED**, this 7th day of March, 2019.

R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA